**[J-24-2021][Wecht, J.- M.O.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

APARTMENT ASSOCIATION OF
METROPOLITAN PITTSBURGH, INC.,

            Appellee

            v.

THE CITY OF PITTSBURGH,

            Appellant

:  No. 26 WAP 2020
:
:
:  Appeal from the Order of the
:  Commonwealth Court entered 3/12/20
:  at No. 528 CD 2018, affirming the
:  order of the Court of Common Pleas of
:  Allegheny County entered 3/13/18 at
:  No. GD-16-000596
:
:
:
:
:
:  ARGUED:  April 13, 2021

## CONCURRING OPINION

**JUSTICE SAYLOR**                      **DECIDED: OCTOBER 21, 2021**

I respectfully concur in the result.  Further, I take the opportunity to observe that much of the grayness and murkiness alluded to throughout the majority opinion derives from the Court's decision to adopt a non-textual construction of a generalized provision of the Disease Prevention and Control Law of 1955 according certain home-rule municipalities the power to enact ordinances relating to the control and prevention of disease -- which facially did not even apply to the City of Pittsburgh -- and to opine that such provision served as express statutory permission for the City to impose a paid-sick-day requirement on local employers.  *See Pa. Restaurant & Lodging Ass'n v. City of Pittsburgh*, 211 A.3d 810, 825-32 (2019).  Viewed in light of this construction, the present case would appear to be a close one.

Since, however, the holding of a decision is to be read against its facts, I suggest that the analysis here could be more straightforward. Simply put, the word "expressly" in the exception to the business exclusion of the Home Rule Charter and Optional Plans Law should be given its ordinary meaning, *i.e.*, specifically, clearly, unmistakably, and not left to inference or implication. *Accord id.* at 839 (Saylor, C.J., concurring and dissenting); *id.* at 841 (Baer, J., concurring and dissenting).

Chief Justice Baer and Justice Mundy join this concurring opinion.